# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL TOVAR, | ) | |
| | ) | Case No. 1:23-cv-04012 |
| Plaintiff, | ) | |
| | ) | Judge Franklin U. Valderrama |
| v. | ) | |
| | ) | |
| MAESTRO INTERNATIONAL | ) | |
| CARGO, LLC D/B/A MIC CARGO, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

---

## PLAINTIFF'S INITIAL STATUS REPORT UNDER RULE 26(f)

Plaintiff submits this Initial Status Report pursuant to Fed. R. Civ. P. 26(f) and this Court's

Order dated June 29, 2023. [Dkt. No. 4].

### I.   Nature of the Case

A.   **Identify the attorneys of record for each party.**

| | |
|---|---|
| **Alexander J. Taylor, Esq.**<br>**Nathan C. Volheim, Esq.** (Lead)<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Avenue, Suite 200<br>Lombard, Illinois 60148<br>(331) 272-1942<br>ataylor@sulaimanlaw.com<br>nvolheim@sulaimanlaw.com<br>*Counsel for Plaintiff* | *Defendant has not filed an appearance in this case as of the date of this filing.* |

B.   **State the basis for federal jurisdiction.**

Plaintiff alleges that subject matter jurisdiction exists as this lawsuit arises under the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Pregnancy Discrimination Act of 1978, which amended Title VII. The Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

C.   **Provide a short overview of the case in plain English (five sentences or less).**

Plaintiff was formerly employed as a cargo office agent for Defendant from June 5, 2021 until her unlawful termination on or around January 26, 2022. Plaintiff is seeking redress for Defendant sex-based and pregnancy-based discrimination and retaliation. Defendant terminated Plaintiff's employment on the basis of her sex and

pregnancy and in retaliation for engaging in protected activity when she took medical leave for her pregnancy.

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff's Complaint alleges that Defendant discriminated against Plaintiff on the basis of her sex and pregnancy in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act. The Complaint names one (1) defendant and asserts three (3) counts, each stemming from Plaintiff's allegations that she was discriminated against on the basis of her sex and pregnancy and that Defendant terminated her employment in retaliation for taking medical leave for her pregnancy.

The four counts are as follows:

• Count I for violations of Title VII of the Civil Rights Act (42 U.S.C. §2000e *et seq.*): Sex-Based Discrimination

• Count II for violation of the Pregnancy Discrimination Act, which amended Title VII of the Civil Rights Act (42 U.S.C. §2000e *et seq.*): Pregnancy-Based Discrimination

• Count III for violation of Title VII of the Civil Rights Act (42 U.S.C. §2000e *et seq.*): Retaliation

Defendant has not entered an appearance or asserted any counterclaims.

E. **What are the principal factual issues?**

Plaintiff (female) worked for Defendant as a Cargo Office Agent from on or around June 5, 2021 until her unlawful termination on or around January 26, 2022.

Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

Defendant was aware of Plaintiff's pregnancy.

Following Plaintiff's disclosure of her pregnancy status, Plaintiff's manager, Mario, informed her supervisor, Roger, that he (Mario) does not like working with pregnant people and does not want them in the office.

In or around late January 2022, Plaintiff took two (2) days off for medical leave related to her pregnancy, which was approved by Defendant.

The following day after Plaintiff's time off, Plaintiff was late to work due to a severe snowstorm in the Cook County area that resulted in vehicle troubles.

Defendant, via its supervisor, Khadjia, was aware of Plaintiff's vehicle troubles.

On or around January 26, 2022, Plaintiff reported to work and immediately upon arrival was brought into the office by Manager Mario and Supervisor Khadjia.

Manager Mario told Plaintiff that, "An old man in the company is on time every day. You have no excuse".

Manager Mario subsequently terminated Plaintiff's employment, despite Defendant's protocol for time off and/or being late to work being a two-day suspension.

Plaintiff was shocked and confused as to why Defendant failed to follow its own protocols and felt distressed at the sudden loss of her employment due to pregnancy-related medical visits.

Other similarly situated employees (non-pregnant individuals) were not subject to the same treatment as Plaintiff.

Following Plaintiff's unlawful termination, she was contacted by Supervisor Khadjia that she should have been suspended instead of terminated.

Defendant, via Supervisor Khadjia, realizing that they unlawfully terminated Plaintiff's employment, offered Plaintiff her job back but stated, "if you don't wish to come back because of what happened, I also understand.

F.    **What are the principal legal issues?**

Plaintiff is a member of a protected class because of her sex and pregnancy whom Defendant subjected to different terms and conditions of employment than others not within her protected classes.

Plaintiff was discriminated against on the basis of her sex and pregnancy.

In or around late January 2022, Plaintiff engaged in protected activity by taking two (2) days off for medical leave related to her pregnancy, which was approved by Defendant.

Plaintiff was retaliated against and her employment was ultimately terminated for exercising her protected rights and on account of her pregnancy, and Plaintiff can show that she engaged in this statutorily protected activity- a necessary component of her retaliation claim.

G.    **What relief is the plaintiff(s) seeking?**  Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Plaintiff is seeking actual damages, including loss of income in the amount of $6,400, along with payment of her attorney fees in the amount of $7,268.50 and costs in the amount of $482. Plaintiff also seeks compensatory damages for the emotional distress she suffered in the amount of $20,000, and pre-judgment interest in the amount of $480, as well as post-judgment interest.

H. **Have all of the defendants been served, or waived service of process?** If not, identify the defendants that have not received service.

The sole Defendant is a business and has been served. On June 26, 2023, the process server served the Defendant by serving the Summons and Complaint at 3000 Professional Drive, Ste. A, Springfield, IL 62703. A responsive pleading to the Complaint was due 21 days after service of the summons, on July 17, 2023. No response was tendered within that time, nor has Defendant sought additional time within which to respond.

Plaintiff filed a Motion for Entry of Default on July 26, 2023, which the Court granted on August 2, 2023. Plaintiff served a copy of the Court's Order [Dkt. No. 6] via mail at its service address on [date] and filed their Motion for Default Final Judgment and Memorandum in Support on August 23, 2023.

## II. Discovery

A. **Propose a discovery schedule.** *Fill in the blanks, below.*

| Event | Deadline |
|---|---|
| Initial Discovery Responses | Deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment |
| Amendment to the pleadings | December 6, 2023 |
| Service of process on any "John Does" | Not applicable |
| Completion of Fact Discovery | Deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment |
| Disclosure of Plaintiff's Expert Report(s) | Deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment |
| Deposition of Plaintiff's Expert | Deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment |
| Disclosure of Defendant's Expert Report(s) | Deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment |
| Deposition of Defendant's Expert | Deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment |
| Dispositive Motions | Deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment |

B. **How many depositions do the parties expect to take?** 4.

C. **Do the parties foresee any special issues during discovery?** No.

D. Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). **Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

Plaintiff proposes that discovery be deferred pending the Court's ruling on Plaintiff's pending Motion for Default Final Judgment.

III. **Trial**

    A. **Have any of the parties demanded a jury trial?** Plaintiff has requested a jury trial.

    B. **Estimate the length of trial:** 4-5 days.

IV. **Settlement, Referrals, and Consent**

    A. **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?** (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

       Settlement discussions have not taken place.

    B. **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

       Plaintiff does not request a settlement conference at this time.

    C. **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure?** The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

       Plaintiff's counsel has informed their client about the possibility of proceeding before a Magistrate Judge. The parties cannot unanimously consent to proceeding before the assigned Magistrate Judge.

V. **Other**

    A. **Is there anything else that the plaintiff(s) wants the Court to know?** No.

Respectfully submitted,

    */s/Alexander J. Taylor, Esq.*
    **Alexander J. Taylor, Esq.**
    **Nathan C. Volheim, Esq.**
    Sulaiman Law Group, Ltd.
    2500 South Highland Avenue, Suite 200
    Lombard, Illinois 60148
    (331) 272-1942
    ataylor@sulaimanlaw.com
    nvolheim@sulaimanlaw.com
    *Counsel for Plaintiff*